UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALISSA FURTADO AKA BABY DIAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WOMEN AND INFANTS HOSPITAL OF RHODE ISLAND, JOHN DOE #1, JOHN DOE #2, JANE DOE #1, JANE DOE #2, and JANE DOE #3<br><br>　　　　Defendants. | No. 15-cv-13978-DLC |

**ORDER ON DEFENDANT'S MOTION TO DISMISS (Dkt. No. 18)**

CABELL, U.S.M.J.

## I.　RELEVANT BACKGROUND

### A.　The Plaintiff's Complaint

The plaintiff, Alissa Furtado (the plaintiff), has filed a two-page complaint alleging that the defendant, Women and Infants Hospital of Rhode Island (the defendant or Women and Infants), and five doctors and nurses identified only as John and Jane Does, "negligently and carelessly caused an infiltration of Alissa Furtado's left foot."  (Dkt. No. 1).  The complaint alleges that the plaintiff resides in Massachusetts and that the defendant is a Rhode Island Nonprofit Corporation with its principal place of business in Rhode Island.  No other facts are alleged, though the complaint does recite the elements of medical malpractice in a conclusory fashion.  (*Id.*).

B. **The Defendant's Motion and the Plaintiff's Opposition**

The defendant has moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), and for lack of personal jurisdiction under Rule 12(b)(2). Its main argument is that the factual allegations of the complaint are so sparse that the plaintiff has neither plead a cause of action nor established that the defendant purposefully availed itself of the privileges of doing business in Massachusetts such that it would be appropriate for this Court to exercise personal jurisdiction over it. (Dkt. Nos. 18 and 19).

For her part, the plaintiff has filed an opposition that explains that the plaintiff was born in December 1994 at Charlton Memorial Hospital, in Fall River, Massachusetts, and transferred to Women and Infants because Charlton Memorial was not equipped to treat her congenital heart disease. The foot injury that is the subject of her lawsuit occurred while she was being treated at Women and Infants as a newborn. (Dkt. No. 24). None of these facts are plead in the complaint. (Dkt. No. 1).

II. ANALYSIS

A. **Failure to State a Claim**

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8 (a). Rule 8 is a **fact** pleading standard. To survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully," and is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 556).

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Artuso v. Vertex Pharm, Inc*., 637 F.3d 1, 5 (1st Cir. 2011)). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (*quoting Twombly,* 550 U.S. at 555). Simply, the Court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief. *Id.* at 679.

The plaintiff's complaint in this case falls far short of the requirements of Rule 8. Although the complaint does not explicitly state it, the Court presumes that the plaintiff is attempting to plead a claim for medical negligence. To survive a motion to dismiss, the complaint must plead **facts** sufficient to show: (1) the existence of a doctor or nurse-patient relationship; (2) that the performance of the doctor or nurse did not conform to good medical practice; (3) causation and (4) damages. *Bradley v. Sugarbaker*, 809 F.3d 8, 16 (1st Cir. 2015) (Massachusetts law); *Ribeiro v. Rhode Island Eye Institute*, 138 A.3d 761, 771 (R.I. 2016) (Under Rhode Island law, a medical malpractice plaintiff must establish "that the defendant had a duty to act or refrain from acting and that there was a causal connection between his or her breach of that duty and the plaintiff's injury.").

Here, the only facts alleged in the complaint are that the plaintiff's foot was "infiltrated" at Woman and Infants at some point in the hospital's 132-year history. It would be unfair to expect the defendant to defend an action where it has not been provided with the information

needed to determine what happened to the plaintiff or when it happened. For example, the complaint does not allege when the plaintiff was treated by the defendant, what treatment she received or how her foot was injured. It does not identify any of the doctors, nurses or medical professionals that treated the plaintiff. In short, the plaintiff has not plead the facts that underlie her claim. The complaint thus does not meet the "minimal requirements" of Rule 8(a)(2), which requires that the complaint "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61 (1st Cir. 2004).

That the plaintiff has provided additional information in her opposition brief does not cure the defects in her complaint. The Court's inquiry at this point is limited to factual allegations contained in the complaint itself. *See Rodi v. Southern New England School of Law*, 389 F.3d 5, 12 (1st Cir. 2004) ("In ruling on whether a plaintiff has stated an actionable claim, an inquiring court, be it a trial or appellate court, must consider the complaint, documents annexed to it, and other materials fairly incorporated within it."). The allegations of the complaint are barely more than naked legal conclusions and the Court follows the "unbroken line of cases [holding] that the rote recital of the elements of a cause of action is not enough . . . ." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 81 (1st Cir. 2013). The defendant's motion to dismiss under Rule 12(b)(6) is therefore granted. However, in light of the plaintiff's factual assertions in her opposition, the plaintiff may be able to cure the complaint's deficiencies in this regard and the dismissal is thus without prejudice, with leave to amend.

### B. Lack of Personal Jurisdiction

Because the Court has dismissed the complaint for failure to state a claim, there is no need to resolve the defendant's separate claim that the motion should be dismissed for lack of

personal jurisdiction.  Moreover, assuming the plaintiff is inclined to seek leave to amend the complaint, it might be most prudent to wait until then in any event to assess whether personal jurisdiction exists.  For these reasons, the portion of the motion seeking dismissal for lack of personal jurisdiction is denied, but without prejudice to the defendant's right to raise the issue anew should the plaintiff amend her complaint.

In that vein, the Court notes that the complaint presently does not allege any facts to support the Court's exercise of personal jurisdiction over the defendant.  Should the plaintiff elect to amend the complaint, she should be mindful to plead the basic facts establishing jurisdiction so that the defendant and the Court can assess this threshold issue.  The plaintiff is reminded that it is her burden to establish that there is personal jurisdiction over the defendant.  So, should the personal jurisdiction issue come before the Court again, the plaintiff must be prepared to "make affirmative proof" of "the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution."  *United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001) (citations omitted).

### III. CONCLUSION

For the foregoing reasons, the plaintiff's complaint is dismissed under Rule 12(b)(6) for failure to state a claim.  The plaintiff is given leave to file an amended complaint that complies with the pleading requirements of Rule 8 and addresses the deficiencies identified in this order.  ***Any amended complaint must be filed within fourteen (14) days from the date of this Order.***

                                                /s/ Donald L. Cabell
                                                DONALD L. CABELL, U.S.M.J.

DATED:  October 7, 2016